## No. 116

### CARR v. BUCKEYE DAIRY CO.

#### No. 19545. Supreme Court

On motion to certify. Dock. Jan. 8, 1926; 4 Abs. 40.

1125. SUBSCRIPTIONS—May stock be conditionally subscribed for, and if so, may such condition be established by parole evidence?

E. T. Carr subscribed for one share of capital stock in The Farmers Dairy Company upon the oral agreement that it would purchase the assets and business of The Wood County Dairy Company, which was not done.

Upon the refusal of Carr to pay for the stock so subscribed the company brought suit in the Wood Common Pleas. Carr in his answer set up the condition as a defense to which a demurrer was sustained. This ruling was affirmed by the Appeals.

Carr, in the Supreme Court, contends, that the Common Pleas erred on the following grounds:

1. That there can be a conditional subscription to capital stock.

2. That if such condition is a condition precedent, it may be established by parole.

3. That the condition pleaded in the answer of Carr was a condition precedent.

Carr prays that the judgment of the Appeals in sustaining the Common Pleas be reversed; that the demurrer be overruled; and that the case be remanded to be heard on its merits.

Attorneys—Riegle, Riegle & Cheney, for Carr; Edward M. Fries, for the Company; all of Bowling Green.

## No. 117

### METHODIST BOOK CONCERN v. OBER MFG. CO. et

#### No. 19436-41. Supreme Court

On motion to certify. Dock. Nov. 23 and 25, 1925; 3 Abs. 754.

997. REAL ESTATE—Will title be quieted in vendee against vendor where consideration for the land has not been paid and vendor has failed to enforce payment within the period allowed by the statute of limitations?

A member of the Methodist Episcopal Church left by will, the premises in question to the Methodist Book Concern to further the purpose of the organization and aid in the publication of religious literature. Negotiations were entered into by the then publishing agents of the Concern and a proposed purchaser for the purchase of the property. The consideration, it seems, was never paid.

Of the publishing agents, one ceased to have connection with the Concern and the other died. There was a failure to collect the money and the purchaser never paid it. The property was divided into two parcels; one now being in the possession of the Ober Manufacturing Co. and the other in the possession of the Stoneman Hardware Co. The Companies and their predecessors in possession have been in occupation for more than 21 years and the two actions were instituted by them in equity in the Cuyahoga Common Pleas to divest the Book Concern of title to the separate parcels. Decrees were entered in favor of the Companies and the cases were filed in the Supreme Court on motions to certify.

It is contended that in an action to quiet title brought by one who has been in occupation over 21 years as against a vendor who has not been paid the purchase price of the land, under the maxim that "he who seeks equity must do equity," a decree should be denied except upon condition that equity be done by the payment of the purchase price, even though collection of said purchase price in an independent action could be defeated by the statute of limitations and even though it would prevent an action in ejectment by the unpaid vendor of the land.

It is further set forth that, "One in possession of real estate without title thereto, cannot maintain an action to quiet title in himself as against the holder of the legal title, under a deed absolute in form, to which deed he is not a party, upon the ground that such deed is in fact a mortgage given to secure a debt due from himself to the holder of the legal title, and that such debt is barred by the statute of limitations. The statute of limitations is a shield for defense not a weapon of attack and cannot be made the basis of a claim for affirmative relief."

Attorneys—Turney & Sipe for Concern; Stearns, Chamberlain & Royon for Ober Co. et; all of Cleveland.